## HYDE, by her next friend v. COLE.

Where a final judgment is rendered against the plaintiff, on a plea in abatement, or where the plaintiff, on his own motion, takes a judgment of nonsuit, it is error to render judgment against the defendant for any part of the costs of the suit.

What is meant by the concluding clause of section 2556 of the Code, which provides that "all courts may allow or refuse costs, at their discretion, upon all motions," is, that a discretion is given to courts to allow or refuse costs on the various motions and proceedings consequent upon demurrers and

matters of that character, which arise during the progress of a cause; but such discretion does not exist, within the meaning of this clause of the section, where a cause is dismissed on motion, or by reason of a plea in abatement.

### Appeal from the Delaware District Court.

MARY HYDE, by her next friend, Samuel Hyde, brought suit against Cole, for slander. The defendant filed an answer in abatement, alleging that the said plaintiff is a minor, and has a father living, who is her guardian by law; that she has no power to institute this suit by a next friend; and that no bond for security for costs was filed, which answer was sworn to. To this answer, a demurrer was filed, which was overruled, the answer sustained, and the suit dismissed, on the motion of the plaintiff; and the court thereupon ordered, that each party should pay his own costs. From this decision, the defendant appeals, and now assigns for error, the judgment requiring him to pay costs.

*James Burt*, for the appellant.

*Clark & Bissell*, for the appellee, cited the Code, 347, where it is provided that "courts may allow or refuse costs, at their discretion, upon all motions." Is not this a case coming within the discretionary power of the court? The language of the law is comprehensive—all motions. The matter of the decision is certainly equitable. The plaintiff went out of court, upon a mere technicality, in no degree touching the merits of the case. Was it not intended that the court should have discretionary power in just such cases?

WRIGHT, C. J.—This question must be decided by reference to the Code. Two sections bear upon it. "Section 1811. Costs shall be recovered by the successful against the losing party. But where the plaintiff is successful as to part of his demands, and fails as to others, an equitable apportionment of costs may be made by the court."

"Section 2556. In all cases, unless otherwise provided, the party in whose favor judgment is given, shall recover

costs; but all courts may allow or refuse costs, at their discretion, upon all motions."

Now, was "the plaintiff successful as to part of her demand" in this case? Certainly not, for she submitted, as this record shows, to a voluntary nonsuit, final judgment was rendered by the court, and she in fact failed as to her entire demand. Then, was this plea in abatement, or the motion of the plaintiff, dismissing her suit, such a motion as is contemplated by the concluding part of section 2556? We think not. What is there meant, is, that a discretion is given to courts to allow or refuse costs on the various motions, proceedings consequent upon demurrers, and matters of that character, that arise during the progress of a cause. But such discretion does not exist, within the meaning of that section, when a case is dismissed, on motion, or by reason of a plea in abatement. In this case, the defendant was the successful, and the plaintiff the losing party, and the former should have recovered his costs. The judgment was in his favor, upon a plea that went to the capacity of the plaintiff to sue. As to that proceeding, such judgment was final; it was not a decision upon a mere motion or demurrer. We think, therefore, the court erred in requiring the defendant to pay any part of the costs in this case.

Judgment reversed.