ANDERSON HUDGINS, plaintiff in error, vs. The STATE OF GEORGIA, defendant in error.

[1.] Where a slave disappears from the possession of his owner, and is found in the custody of the defendant, who feloniously removes or sends him out of the State to be sold, he appropriating the proceeds, the presumption of law is, that he was stolen from the residence of the master, and the burden of proof is upon the accused to establish the contrary.

[2.] All that the accused says at the same time is testimony; still the jury are not bound to believe all his confessions to be true.

Indictment for larceny. Tried in Monroe Superior Court before Judge CABANISS, February Term, 1858.

Anderson Hudgins was indicted in Monroe Superior Court for stealing a negro man slave, the property of one John D. McCowen, who lived in said county of Monroe.

It appeared, in evidence, that the negro man was last in the possession of McCowen on the 18th day of February, 1854, in Monroe county. He left on the night of that day, and was traced to the possession of the defendant on or near the line of Newton and DeKalb counties.

There was much evidence introduced, which it is unnecessary to set forth.

The jury found the defendant guilty, whereupon his counsel moved for a new trial on the ground that the verdict was contrary to evidence.

The Court overruled the motion, and counsel for defendant excepted.

HAMMOND & SON, for plaintiff in error.

Sol. Gen. DANIEL; and PEEPLES, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

[1.] The defendant being convicted of the larceny of a slave, moved for new trial on several grounds, but has abandoned all but one—namely, that the verdict was contrary to the evidence in this: that it does not appear that the negro was stolen from the county of Monroe, where the offence was alleged to have been committed.

The owner of the slave lived in Monroe. He disappeared from the possession of his master in that county without his permission. He was found in the possession of the accused, who lived near the line of Newton and DeKalb counties. He has not been seen since. The defendant confessed that he was taken off from his house and sold in Tennessee by a cousin of his, with his consent, and knowing him to be the property of McCowen; he, too, to share the proceeds of the sale. Defendant stated, to be sure, that the boy came to his house. But when told that McCowen believed that he carried off the negro from Monroe, he did not deny it, but replied by the guttural ejaculation, Humph! which interpreted, means, I take it: it may be so, but prove it if you can. The negro had belonged to defendant's father, who lived in the county of Monroe and was hung for murder in that county. I mention this, not by way of reproach to the living or the memory of the dead, but to show the previous

relations subsisting between the accused and the slave, and the facility the former had for enticing him away. The slave left McCowen without cause or provocation to do so.

[2.] We take the law to be this. That when a slave disappears from the possession of his owner and is stolen, the presumption is, that he is taken from the possession of the owner, and from the place of his residence, and it is incumbent on the prisoner, in whose custody he is found, to prove the contrary. And in this case, the evidence would warrant the jury in finding that such was the fact. For while it is true that all that the defendant said is testimony, still the jury are not bound to believe that all he said is true.

That the prosecutor's slave has been stolen and lost to him, and that defendant participated in the theft, is not denied. Whether he carried him off personally from Monroe, or induced him to run away and come to him, is a very small matter. We hold that the Court was right in refusing a new trial in this case.

Justice to our feelings requires us to say that we approve of the commendable and disinterested zeal manifested by the counsel of this unfortunate man.

Judgment affirmed.