JONES *v.* THE STATE, 26 Miss. Rep., 247.

### LARCENY.

No definite length of time after loss of goods and before possession shown in the accused, seems to be settled, as raising a presumption of guilt. Where the goods

are bulky, or inconvenient of transmission, a greater lapse of time is allowed to raise the presumption of guilt, than if they were light and easily conveyed.

In prosecution for larceny of a saddle or the like, after the lapse of nearly a year, the mere fact that the chattels were found in the possession of the accused, creates no presumption of guilt, and such possession without evidence *aliunde* to establish the charge is not sufficient to put the accused on his defense.

Error to Lauderdale circuit court.  WATTS, J.

William Jones, the accused, was indicted in the circuit court of Lauderdale county, for stealing a saddle, the property of William C. Burton.   It was proven that the saddle was found in the house of Elijah C. Jones, some time in May, 1853, but it had been taken from the shop of Burton, in December, 1852, and it was proven that William Jones, the accused, brought the saddle to the house of E. C. Jones in the month of July or August, 1852.

The defendant proved that he was an honest man, and had heretofore sustained a good reputation in the community where he lived.   The defendant, on the trial of the case, asked the court to give the jury the following instructions, which were refused :

1st.  "That the possession of the thing stolen must be shown to be in the defendant shortly after the taking ; and if the state has not shown that the defendant had possession of the saddle until four or five months after the taking of the saddle, such possession does not raise any presumption of the guilt of the defendant having the saddle in possession in August, 1852."

4th.  "To raise a presumption of guilt of the defendant, from the fact of the property being found in his possession, it must have been so recently after the taking from the owner ; and if the jury believe from the evidence, that the saddle was not found in the possession of defendant until four months or more after the taking, such possession does not raise any presumption of the guilt of the defendant whereon to find a conviction."

The defendant excepted to the refusal of the court to give the above instructions.   The jury found the defendant guilty, as charged in the indictment; and having moved the court for a new trial, which was refused, the defendant prayed a writ of error to this court.

*Chandler & Baldwin*, for plaintiff in error.

*D. C. Glenn*, attorney general.

HANDY, J. :

Apart from the testimony of the witness, Sarah Jones, the only proof of the larceny in this case consists of the evidence that the article lost was found in the possession of the accused. That witness, it is true, states that the accused brought the article to the house where he resided. But she proves that this took place several months before the property is proved to have been lost by the owner; and if her testimony could have any weight, it must have produced an acquittal.

The evidence shows that the goods were not found in the possession of the accused until the lapse of five or six months after the taking; and the question here presented, is, whether such possession, found after such a lapse of time, of itself raises a presumption in law of a felonious taking by the accused.

No definite length of time, after loss of goods and before possession shown in the accused, seems to be settled, as raising a presumption of guilt. Where the goods are bulky, or inconvenient of transmission, or unlikely to be transferred, it seems that a greater lapse of time is allowed to raise the presumption than when they are light and easy to pass from hand to hand, and likely to be so passed; because, in the one case, the goods may not have passed through many hands, and the proof to justify the possession may, therefore, be more simple and easy; but in the latter case, the goods may, very probably, have come to the accused through many persons, and their transit, from the smallness of their nature and value, be much more difficult to be proved.[1]  Roscoe Crim. Ev., 18; 3 Greenl. Ev., § 32.

Yet, all the cases hold that the possession must be recent after the loss, in order to impute guilt; and this presumption is founded on the manifest reason, that, where goods have been taken

[1] Rex v. Partridge, 7 C. & P., 551; State v. Bennett, 3 Brevard, 514; Comst., 692; Cockin's case, 2 Lewin C. C., 235; State v. Jones, 3 Dev. & Batt., 112; Rex v. Adams 3 C. & P., 600; Hall's case, 1 Cox C. C., 231; Regina v. Cruttenden, 6 Jur., 267; Anon, 7 Monthly Law Mag., 58; 2 Russell on Crimes, 123, 124, 125; 2 East P. C., 656; 1 Phil. on Ev., 168; 2 Hale, 289; 2 C. & P., 459; State v. Iredell, 9 Iredell, 140; Warren v. State, 1 Iowa R., 106; State v. Floyd, 15 Mo., 349; Archbold Cr. Pr. & Pl., 397, *et seq.*; 4 Stark. Ev. 841; Wharton Am. Cr. Law, 728; Bishop Cr. Procedure, 696, *et seq.;* Hughes v. State, 8 Humph., 75; Hall v. State, 8 Ind., 439.

from one person and are quickly thereafter found in the possession of another, there is a strong probability that they were taken by the latter. This probability is stronger or weaker in proportion to the period intervening between the taking and the finding; or it may be entirely removed by the lapse of such time as to render it not improbable that the goods may have been taken by another and passed to the accused, and thus wholly destroy the presumption.

In prosecutions for larceny of chattels like that in this case, it has been well held, that after the lapse of such a period of time as in this case, the mere fact that the chattels were found in the possession of the accused, created no presumption of criminality; and that such possession, without other evidence of any kind to establish the charge, is not even sufficient to put the party on his defense.[1] Rex v. Adams, 3 C. & P., 600; 3 Greenl. Ev., § 32; State v. Williams, 9 N. C., 140.

We recognize the soundness of this rule, and accordingly are of opinion that the first and fourth instructions, asked on the part of the accused, should have been granted.

The judgment is, therefore, reversed, and a new trial awarded.

[1] See note 1 p. 704 *supra*.

[2] The first two points decided in this case are more fully discussed in the case of Dyson, 26 Miss. R., 362. *Infra*, p. 710.