JONES v. THE STATE, 30 Miss. Rep., 653.

### LARCENY.

The possession of property recently stolen will create a presumption that the possessor is a thief; but this is a mere presumption, and the true state of the case may be entirely different, and the party may be enabled to show his innocence by positive testimony.

The possession of stolen goods must be accounted for; but as this cannot always be done by legal evidence, owing to the nature of the goods and the circumstances of the case, it is a matter of no little weight that the conduct of the accused is consistent with the account he gives of his acquisition of their possession.

The fact that he makes no attempt at concealment, but openly exposes the goods where they are subject to be recognized by the owner or others interested, are circumstances that strongly tend to destroy the presumption arising from such recent possession.

When the accused gives a reasonable account of his possession of stolen property, it lies on the prosecutor to show that it is false; but if it is unreasonable or improbable on its face, the accused must prove its truth.

Error to Lauderdale circuit court. WATTS, J.

*Freeman & Dixon*, for plaintiff in error.

*D. C. Glenn*, attorney general.

HANDY, J.:

The plaintiff in error was indicted and convicted of larceny in the court below. A motion for a new trial was made, on the ground that the verdict was contrary to the evidence, which being overruled, the case is brought here; and the only matter for consideration is, whether the evidence was sufficient to support the verdict.

Several witnesses were examined in behalf of the state, but the material facts proved were, that the knife stolen was the property of one Bartle, who loaned it to one Winningham, who placed it under the counter in a store, and in a few days there-

after went to an adjacent county, and when he returned, the knife was gone; that it was about three weeks from the time it was loaned before it was found. When it was found, it was in Jones's possession, in his room, lying openly on the bed, the room being frequently visited by persons of the village; that Jones made no attempt to conceal it, and was not at all disconcerted when the witness took up the knife; and he said that he had got it in North Alabama. Another witness stated, that he found the knife in Jones's box, who showed the box willingly, and invited the witness to examine what he had in it. The articles in it were exposed willingly to persons interested in making the examination; and the room in which the knife lay openly exposed was near to the store, where it had been deposited, and only about seventy yards from the place where Bartle and Winningham resided.

Upon this evidence, we do not think that the mere possession of the article by the accused was sufficient to justify his conviction. It is true that the possession of goods recently stolen, will create a presumption that such possessor is the thief. Yet this is a mere presumption, and the real state of the case may be entirely different, and yet the party be unable to show his innocence by any positive testimony. It is held, that the person in whose possession the stolen goods are found, must account for his possession; yet, as from the nature of the goods and the circumstances of the case, this cannot always be done by legal evidence, it is held to be a matter of no little weight, that the conduct of the accused is consistent with the account given by him of the manner in which the goods came to his possession.[1] Roscoe, Cr. Ev., 20; 2 East P. C., 665. As where he makes no attempt to conceal them, and, on the contrary, openly exposes

[1] Rex v. Crownhurst, 1 C. & K., 370; 47 E. C. L. R. In this case Alderson, B., charged the jury that, " In cases of this nature you should take it as a general principle, that when a man in whose possession stolen property is found, gives a reasonable account of how he came by it, as by telling the name of the person from whom he received it, and who is known to be a real person, it is incumbent on the prosecutor to show that the account is false; and if the account given by the prisoner be unreasonable or improbable on the face of it, the *onus* of proving the truth of it lies on the prisoner." See, also, Rex v. Wilson, 26 L. J., M. C., 45; 2 Hale P. C., 289; 3 Greenl. Ev., 31; Wills on Circ. Ev., ch. 3, § 4; Burrill Circ. Ev., 454; 1 Stark. Ev., 512, 513; Regina v. Smith, 2 C. & K., 207; 1 Phill. Ev., 634, *et seq.*; 2 Archbold Cr. Pr. & Pl., 370.

them where they are subject to apprehension by the owner or others' interested in them. These are circumstances tending strongly to destroy the presumption arising from recent possession; and they fully appear in the conduct of the accused in this case.

It is also held, that where a man in whose possession stolen property is found, gives a reasonable account of how he came by it, it is incumbent on the prosecutor to show that the account is false; but if the account given by him be unreasonable or improbable on its face, the *onus* of proving its truth lies on him. Regina v. Crownhurst, 1 C. & K., (47 Eng. C. Law R.,) 370. The reasonableness of his account must necessarily depend, in a great measure, upon his deportment in relation to the article found in his possession, and upon the time and circumstances under which it is found. If the article be small and such as is easily and quickly transmissible from one person to another, and when it is found in the possession of the accused, it is openly exposed where the owner may readily find it, and will probably discover it, and he makes no effort to conceal it, but gives an account of his possession, which is probable from the nature of the article, these circumstances would be sufficient to destroy the presumption arising from mere possession, and to raise the presumption of innocence. These circumstances are shown to have existed in this case, and, accordingly, we are of opinion that the evidence was not sufficient to justify the verdict.

The judgment is reversed, and the cause remanded for a new trial.