## WASH DAVIS *v.* THE STATE.

1. LARCENY — PRESUMPTION ARISING FROM RECENT POSSESSION OF STOLEN GOODS. — No definite length of time, after loss of goods and before possession shown in the accused, seems to be settled, as raising a presumption of guilt. Where the goods are bulky or inconvenient of transmission, or unlikely to be transferred, it seems that a greater lapse of time is allowed to raise the presumption than where they are light or easily passed from hand to hand, and likely to be passed, because in the one case, the goods may not have passed through many hands, and the proof to justify the possession may, therefore, be more simple and easy; but in the latter case, the goods may, very probably, have come to the accused through many persons, and their transit, from the smallness of their nature and value, be much more difficut to be proved.   Roscoe Cr. Ev., 18; 3 Greenleaf Ev., § 32.

2. PRESUMPTION — STRONG OR WEAK, ACCORDING TO THE FACTS AND CIRCUMSTANCES, AND THE LAPSE OF TIME. — The possession must be re-

cent after the loss, in order to impute guilt; and this presumption is founded on the manifest reason that, where goods have been taken from one person, and are quickly thereafter found in the possession of another, there is a stro..g probability that they were taken by the latter. This probability is stronger or weaker in proportion to the period intervening between the taking and the finding, or it may be entirely removed by the lapse of such time, as to render it not improbable that the goods may have been taken by another and passed to the accused, and thus wholly destroy the presumption.

3. SAME — SATISFACTORY ACCOUNT OF POSSESSION. — The general rule is undoubtedly well settled, that the possession by a party, of stolen goods, shortly after their loss by the owner, is presumptive evidence of guilt, which, however, may be explained, and if the party in whose possession they are found fails satisfactorily to account for his possession, the presumption of guilt arises from the recent loss by taking, and the possession will stand and warrant a conviction; what will be sufficient to account for the possession, or to remove the presumption which may arise therefrom, will depend much upon the length of time which intervenes between the loss by the owner and the discovery of possession in the party charged, the nature and character of the goods, and all the circumstances of the case, and this, for the most part, is to be determined by the jury.

4. SAME — REASONABLE ACCOUNT OF POSSESSION. — Where a man, in whose possession stolen property is found, gives a reasonable account of how he came by it, it is incumbent on the prosecution to show that the account is false, but if the account given by him be unreasonable or improbable on its face, the *onus* of proving its truth lies on him. Regina v. Crowhurst, 1 C. & R. (47 Eng. C. Law R.), 370. The reasonableness of his account must necessarily depend, in a great measure, upon his deportment in relation to the article found in his possession, and upon the time and circumstances under which it is found.

5. SAME — INSTRUCTIONS — CASE IN JUDGMENT. — Phillips, a merchant in Macon, lost by a larceny, in January, goods to about the amount of $1,000. Eleven months thereafter, goods bearing the trade mark of P. and in general description like the goods stolen, to the value of about $140, were found in the possession of the accused; *held*, that it was error ᵕ instruct the jury " that if the jury believe, from the evidence, that goods as described were stolen in January and discovered in the manner as described eleven months thereafter, the time would not be unreasonable." This qualification of defendant's instructions in connection with those given for the prosecution, left no other alternative, logically, than a verdict of

guilty; *held further*, that this was virtually an instruction upon the merits, and whether "the time would not be unreasonable," was, with all the facts and circumstances, for the jury.

ERROR to the Circuit of Noxubee County. Hon. J. A. ORR, Judge.

The facts in the case are fully stated in the opinion of the court and briefs of counsel.

The following are assigned for error:

1. Because the jury found contrary to the law and the evidence.

2. Because the court erred in giving the 2d and 3d charges asked for by the state.

3. Because the court erred in giving a qualification to defendant's charges.

4. Because the court erred in overruling defendant's charges.

*Dismeskes & Cooper*, for plaintiff in error.

The plaintiff in error assigns the following causes why the judgment of the circuit court of Noxubee county should be reversed:

First. That the jury found contrary to the law and the evidence, and in support of this position, the testimony clearly shows that there was no direct or positive testimony against the defendant in the court below, it was only circumstantial, and we hold, that, to authorize a verdict of guilty, it must satisfy the jury. The only evidence offered upon the part of the state to establish the larceny, was the testimony of one T. C. Phillips and B. F. Powers, but neither proves the fact, that the goods found were the identical goods lost by the prosecutor, on the 19th day of January, 1868, but only shows that similar goods were lost, and a much larger amount than found with plaintiff in error; hence we maintain that there is no legal evidence sufficient to sustain a verdict of guilty, and would cite your honors to Algheri v. State, 25 Miss., 584; 1 Starkie on Evidence, 572; Wills on Cir. Ev., 61 and 62.

We further maintain that if there is *one link* wanting in the chain of facts and circumstances, that a verdict of guilty cannot be

supported, and the mere fact that there were goods found in the possession of plaintiff in error, so long after the larceny was said to have been committed (as 11 months), that it is not sufficient of itself to connect plaintiff in error with the larceny.   3 Greenleaf on Evidence, §§ 32, 33 and 137; Jones v. State, 26 Miss., 247; Jones v. State, 30 id., 653; Roscoe's Cr. Ev., 18 and 19; 2 Russell on Crimes, 124.   This charge we do not think propounded the law correctly to the jury, as it says that if the goods were found in the possession of Washington Davis, it is sufficient, and must find plaintiff in error guilty, totally ignoring the plain principle of law that the possession must be recent.   Jones v. State, 26 Miss., 247, and authorities there cited.

In the third charge, the jury are instructed that when property recently stolen is found in the possession of a person, and he attempts to account for the possession, such an account must be satisfactory; this we hold to be error, as the law only requires him to give a reasonable account, and the onus then rests upon the prosecutor to show the account given is false.   Jones v. State, 30 Miss., 655, and authorities there cited.

Fourth cause of error, we hold the court erred in giving the qualification to defendant's charges, which was given in the court below; it was a charge directly upon the evidence, and did away with the entire effect of defendant's 4th and 5th charges, as given by the court.   The qualification states to the jury the fact that eleven months was not an unreasonable time; in other words, eleven months was recent.   3 Greenleaf on Ev., paragraph 32; 2 Russell on Crimes, 728 and note; Roscoe's Cr. Ev., 18; Jones v. State, 26 Miss., 247.

Fifth. We hold the court erred in overruling defendant's motion for a new trial.   Wharton's Cr. Law, 3d ed., 994 and 1008; Hall v. Page, 4 Ga., 428.

*G. E. Harris,* Attorney General, for the state:

The defendant in the court below was indicted for larceny, and the larceny is established by the circumstance of finding the

stolen goods in the possession of the accused. The witness, Phillips, was a merchant in the town of Macon, about the 15th of January, 1868; his store was broken open, and goods stolen therefrom to the amount of about one thousand dollars, consisting of domestics, linen, dress goods, hats, boots and shoes. That on the 9th of December thereafter, he saw defendant wearing a suit of clothes, which he (witness) thought was a portion of the stolen goods; asked defendant where he got the goods; he replied that he got them from the "New Orleans Cheap Cash Store," which is a store in Macon. Witness went to that store, found no such goods there; went to the "tailor's shop" in town, found some remnants of said goods, which he recognized as being the class of goods he lost eleven months ago. Witness further stated that the tailor informed him that "he had made a suit of clothes from that goods for Wash. Davis, the defendant." This, it seems, went to the jury without objections. Witness took a search warrant and a constable, and found in the house of accused domestic, linen, hats and shoes, and dress goods, which he recognized as his goods; some found in a chest, some in a trunk, and some between the mattrasses of defendant's bed. The constable, F. B. Powers, corroborates the finding the goods, etc.

The defendant proved by Virginia Davis, that in May, 1868, she was at the house of defendant, and defendant bought goods from a peddler; some twenty dollars' worth, and she went home, left them still looking at the goods. Thinks there were some dresses for his wife and children, and hats, red muslin dress, ready made pants, etc. In rebuttal, Phillips says he lost no red muslin.

This is the whole case.

The first error assigned is that "the jury found contrary to law and evidence," and it is insisted that the circumstance of finding the goods in the possession of the defendant *eleven months* after the larceny is not sufficient to warrant the jury in finding the defendant guilty, and this I regard as being really the only question in this case. The court say, "no definite length of time after the

loss of goods, and before possession shown in the accused, seems to be settled, as raising a presumption of guilt. When the goods are bulky, or inconvenient of transmission, or unlikely to be transferred, it seems that a greater lapse of time is allowed to raise the presumption, than when they are light and easily passed from hand to hand, and likely to be so passed." Jones v. The State, 26 Miss., p. 249 ; Roscoe Crim. Ev., 18—, 3 Greenl. Ev., sec. 32.

" The possession by a party of stolen goods, shortly after their loss by the owner, is presumptive evidence of guilt, which, however may be explained, and if the party in whose possession they are found, fails satisfactorily to account for his possession, the presumption of guilt arising from the recent loss and possession, will warrant a conviction."[2]    Belote v. The State, 36 Miss., 120.

But it is insisted that the court erred in qualifying defendant's charges, as follows :    " If the jury believe from the evidence, that the goods as described were stolen in January, and discovered in the manner as described, eleven months thereafter, the time would not be unreasonable."

This instruction was not upon the facts of the case, but on the legal presumption, arising from the facts as stated, and I think the qualification was proper, and I see no error in the record, and ask that the judgment of the court below be affirmed.

Tarbell, J., delivered the opinion of the court :

The plaintiff in error was indicted, tried and convicted of the crime of larceny.    The indictment charged goods stolen from the storehouse of Thos. C. Phillips of Macon.    Several months after the loss, Mr. P. saw the accused in a suit of clothes made of goods resembling his stock.    The accused said he bought the cloth or the suit at the " N. O. Cheap Cash Store " in Macon.    Mr. P. testified on the trial, that he went to store named and there was no such goods there.    He also testified, that he called at a tailor's shop in Macon, where he found scraps of cloth resembling goods lost or stolen from his store, and the tailor told him he had made

a suit of clothes for Wash Davis of cloth from which the pieces found were cut. All this evidence, as detailed, was received without objection. Neither the tailor nor the proprietor of the " N. O. Cheap Cash Store " were introduced as witnesses. A witness for the accused testified that she was at the house of Davis when a man in a buggy drove up and sold Davis a quantity of shoes, hats, domestics, linen and clothing, such as were found and claimed as the property of Mr. Phillips. And this was all the testimony. Reduced to its legal limits, the facts are these : Mr. Phillips, a merchant in Macon, lost, by a larceny in January, goods to the amount of about $1,000. Eleven months thereafter, goods bearing the trade-mark of Mr. P., and a general description like the goods stolen, to the value of $140, were found in the possession of the accused.

The trial was conducted throughout upon the theory of a larceny or no larceny by the accused. No instruction was asked or given on either side, that the guilt of the accused should be established to the exclusion of all other reasonable hypotheses.

The first instruction for the prosecution directs the jury, that, if the accused was found in possession of the goods, feloniously taken from Mr. Phillips, and had failed to give a satisfactory account for such possession, they should find him guilty — the question of time and the idea that Davis might have been the receiver or purchaser of the goods in his possession, being 'pretermitted.

The second declares the rule, that " the possession of goods or property recently stolen is *prima facie* evidence that the possessor is the thief, and if he fails to account for such possession to the satisfaction of the jury, such presumption continues, and the jury are authorized to return a verdict of guilty."

The third instructed the jury that, " if the defendant, by his own confession, or the evidence of witnesses in his behalf, undertakes to account for his possession, it is for the jury to determine whether such account is consistent, honest or satisfactory, and

they believe it is not, they are authorized to return a verdict of guilty."

The instructions for the accused were qualified, as follows : "That if the jury believe from the evidence that goods as described were stolen in January, and discovered in the manner as described, eleven months thereafter, the time would not be unreasonable."

As a whole, the instructions leave no discretion in the jury, and thus they lead to certain conviction. The first wholly omits the rule as to time as an element in the presumption of guilt arising from possession. The second correctly charges that the possession of goods or property "recently" stolen is *prima facie* evidence that the possessor is the thief — but, erroneously, that such presumption "continues." This, under the facts and circumstances detailed in evidence, is a question for the jury, after the lapse of considerable time between the larceny and the finding. The qualification of the instructions for the accused in connection with those given for the prosecution, left no other alternative, logically, than a verdict of guilty.

It is not far from correct, to say that on no subject are the decisions of the courts and comments of law writers, as various and unsettled as on the one involved herein. 2 Bish. Cr. Pr., § 696 et seq. ; 2 Russ. on Cr., 123 ; 1 Ph. Ev., C. & H. & E.'s notes, 634, note 183 ; 1 Starkie on Ev., 23, 29, 30, 33, 34 ; 2 ib., 840 ; 3 ib., 1234–1253 ; 1 Am. Cr. L., § 728 ; 2 Arch. Cr. Pr. & Pl., 369, note [1] ; Wills on Cir. Ev., 53 ; 1 Greenl. on Ev., § 34 ; Algheri v. The State, 25 Miss., 584 ; Jones v. The State, 26 ib., 247 ; Sartorious v. The State, 24 ib., 610 ; Jones v. The State, 30 ib., 653 ; Belote v. The State, 36 ib., 120 ; 19 Me., 398 ; 3 Brev., 514 ; 9 Ire., 140 ; Warren v. The State, 1 Iowa, 106 ; 2 Parker C. C., 586 ; 13 Grat., 757 ; 6 C. & P., 176 ; 1 Swan, 287 ; 9 Conn., 527 ; 7 Vt., 118 ; 15 Mo., 349 ; ib., 186 ; 8 Humph., 75 ; 8 Ind., 439 ; 3 Dev. & Bat., 122 ; 4 Jones (N. C.), 440 ; [2 Lew., 235 ; 2 Ind., 91 ; 12 Wis., 591 ; 14 Cal., 438 ; 4 Humph., 456 ; 1 Mass.,

6; 9 Yerg., 408; 26 Ga., 350; 12 Ill., 259; 2 Ire., 402; 7 Rich., 497; 28 Ga., 254; etc.

The basis of all presumptions is the connection between facts and circumstances, as pointed out by experience. It is, however, one of the most important and arduous duties of the court to analyze the evidence and to propound the particular points to which the attention of the jury is to be directed. 1 Starkie on Ev., *74.

Referring to the rule of presumption arising out of the possession of stolen property, Mr. Wills, in his treatise on Circumstantial Evidence, p. 62, says, " the rule must be applied with discrimination, for the bare possession of stolen property, though recent, uncorroborated by other evidence, is sometimes fallacious and dangerous as a criterion of guilt." With reference to the same rule, Lord HALE (2 Hale's P. C., 289), says "it must be very warily pressed."

In a very able note to Archbold's Cr. Pr. & Pl., vol. 2, p. 369, gleaned from the text-books, especially Russell on Crimes, it is said : " This rule, founded on the necessity of the case, which cannot admit offenses of this kind to go unpunished, wherever direct evidence is wanting of the guilt of the party, will probably seldom lead to a wrong conclusion if due attention be paid to the particular circumstances, by which such presumption may be weakened or entirely destroyed.

"Amongst the most prominent of these will be the length of time which elapsed between the loss of the property and the finding it in the possession of the prisoner." 2 Russ. on Cr., 123.

The authorities are uniform, that the force of this rule of presumption depends upon the recency of the possession as related to the crime, and that, if the interval of time is considerable, the presumption is much weakened, and more especially, if the goods are of such a nature as, in the ordinary course of things, frequently to change hands.

From the nature of the case, it is not possible to fix any precise period within which the effect of this rule can be limited; it must

depend not only upon the mere lapse of time, but upon the nature of the property and the concomitant circumstances of each particular case.   Wills, p. 55.   In the creation of this presumption, the first element requiring attention, say the authorities, is that of time.

Lord HALE says, if the goods be found with the person the day of the theft being committed, this is a strong presumption; and yet, even in such a case, C., a very subtle horse thief, being pursued, procured B. to lead the horse, under pretense that he (C.) was pressed to go aside, thus escaping and leaving the presumption to fall on B., who was, though tried before a very learned and wary judge, condemned and executed.   2 Hale P. C., 289. It is agreed, therefore, that where reliance is placed on simple possession, the interval between the time of the taking and finding should be short.   Rex v. ——, 2 C. & P., 459 ; Rex v. Adams, 3 C. & P., 600.

It is also agreed, that as to light, portable articles, the force of the presumption diminishes as time elapses.   Jones v. The State, 26 Miss., 247.

Where two pieces of woolen cloth in an unfinished state, consisting of about twenty yards each, were found in the possession of the prisoner two months after being missed, and still in the same state, it was held that this was a possession sufficiently recent to call upon him to show how he came by the property.   Reg. v. Partridge, 7 C. & P., 551.

Mr. Justice Bayley, in a case before him, directed an acquittal because the only evidence against the prisoner was, that the goods were found in his possession after a lapse of sixteen months from the time of their loss.   Wills, 56.   In Rex v. Adams, 3 C. & P., 600, the evidence against the prisoner charged with the larceny of a saw and mattock was, that the stolen articles were found in his possession three months after they were missed.   It was held that this was not such a recent possession as *per se* to put him upon showing how he came by them.

And when a stolen horse was found in the possession of the prisoner six months after it was lost, Mr. Justice Marsh held that it was no case to go to the jury. Reg. v. Cooper, 3 C. & K., 318.

Where three sheets were found upon the prisoner's bed, in his house, three months after they had been stolen, Mr. Justice Wightman held that the case must go to the jury, on the ground that it was imposible to lay down any rule as to the precise time which was too great to call upon the prisoner to account for the possession. Rex v. Hewlett, 2 Russ. on Cr.

And where seventy sheep were put upon a common in June, but not missed until November, and the prisoner was proved to have had the possession of four of them in October, and of nineteen more in November, the judge allowed evidence of the possession of both to be given. Rex v. Dewhirst, 2 Stark., 614.

Possession of the goods is always competent evidence, be the time longer or shorter; however insufficient it may be, *per se*, after a considerable lapse of time. In such a case, some circumstances additional to the possession are necessary to raise the presumption. 2 East P. C., 655 ; Russ. on Cr., 1154.

With reference to the question of time, Patterson, J., in Rex v. Partridge, 7 C. & P., 551, says : " I think the length of time is to be considered with reference to the nature of the articles stolen. If they are such as pass from hand to hand readily, two months would be a long time ; but here that is not so ; it is a question to the jury."

Starkie, vol. 3, p. 1243, says of this class of presumptions, they are " mixed," or composed of law and fact, and must be made by the jury and not by the court ; and in vol. 2, p. 840, he says: " The rule is, that recent possession raises a reasonable presumption against the prisoner." See, also, 1 Am. Cr. L., § 728. Wharton says this presumption is one of fact and not of law. Ib., § 729. The possession, however, to have this effect, must be recent, and must be unexplained. Ib., § 728. If a party accused gives a reasonable account of his possession, the *onus* is then upon the prose-

cution to show such a count to be false.    Wills, 54, and other authorities herein.    In the case at bar, there is no legal evidence falsifying the statements or the evidence of the accused.    What Mr. Phillips was told by others cannot be taken into consideration and is not in the case.

Precisely how much the presumption is one of fact and how much of it is one of law, may not be quite plain as a matter of authority, though we have seen that, as a matter of legal principle, it is all of fact for the jury.    2 Bish. Cr. Pr., § 701.

Another material rule laid down by the text writers is, that the possession of stolen goods recently after the loss of them may be indicative either of the offense of larceny, or of receiving with guilty knowledge, according to the facts and circumstances.    Wills, 61.    And this leads to the remark that, upon the face of the record in the case at bar, the presumption of receiving is equally as strong as of a larceny by the accused.

This subject has been several times before our predecessors, and all the rules applicable to a case of this character have been distinctly stated.

Jones v. The State, 26 Miss., 247, was an indictment for the larceny of a saddle, in which case the felonious loss, and the possession of the accused, four or five months thereafter, were the only elements.    It was held, that after such a lapse of time there was no presumption of guilt, without other evidence to establish the charge, and was not even sufficient to put the party on his defense.

Jones v. The State, 30 Miss., 653, was an indictment for the larceny of a knife.    The knife was found in the possession of Jones about three weeks after its loss.    It was held, upon two grounds, that the evidence was not sufficient to support the verdict.    The reasons for this view of the case were these :    1. The deportment of the accused in connection with the charge and finding of the knife.    2. The reasonableness of his account how he came by the knife.    He said he obtained it in North Alabama.    The court say : "It is true, that the possession of goods recently stolen will

7

create the presumption that such possessor is the thief. Yet this is a mere presumption, and the real state of the case may be entirely different, and yet the party be unable to show his innocence by any positive testimony. It is held that the person in whose possession the stolen goods are found, must account for his possession; yet, as from the nature of the goods and the circumstances of the case, this cannot always be done by legal evidence, it is held to be a matter of no little weight, that the conduct of the accused is consistent with the account given by him of the manner in which the goods came to his possession. Roscoe Cr. Ev., 20; 2 East. P. C., 665. As where he makes no attempt to conceal them, and on the contrary, openly exposes them, where they are subject to apprehension by the owner or others interested in them. These are circumstances tending strongly to destroy the presumption arising from recent possession, and they fully appear in the conduct of the accused in this case.

"It is also held, that where a man, in whose possession stolen property is found, gives a reasonable account of how he came by it, it is incumbent on the prosecutor to show that the account is false; but if the account given by him be unreasonable or improbable on its face, the *onus* of proving its truth lies on him. Regina v. Crowhurst, 1 C. & K. (47 Eng. C. Law R.), 370. The reasonableness of his account must necessarily depend, in a great measure, upon his deportment in relation to the article found in his possession, and upon the time and circumstances under which it is found. If the article be small, and such as is easily and quickly transmissible from one person to another, and when it is found in the possession of the accused, it is openly exposed where the owner may readily find it, and will probably discover it, and he makes no effort to conceal it, but gives an account of his possession, which is probable from the nature of the article, these circumstances would be sufficient to destroy the presumption arising from mere possession, and to raise the presumption of innocence." As the record in the case at bar now stands, the account given by

the accused of how he came by the possession of these goods is both probable and reasonable, and there is no legal evidence showing their falsity.   For aught that appears, he may have purchased the clothes he had on, or the cloth from which they were made, at the " Cheap Cash Store," and the articles at his house, he may have purchased, as testified on the trial.   What Mr. Phillips did or did not find at that store several months after the loss of his goods or what he was told then, are entitled to no consideration.

In Jones v. The State, 26 Miss., 247, the court say :   " The evidence shows that the goods were not found in the possession of the accused until the lapse of five or six months after the taking; and the question here presented is, whether such possession, found after such a lapse of time, of itself raises a presumption in law of a felonious taking by the accused?

" No definite length of time, after loss of goods and before possession shown in the accused, seems to be settled, as raising a presumption of guilt.   When the goods are bulky or inconvenient of transmission, or unlikely to be transferred, it seems that a greater lapse of time is allowed to raise the presumption than when they are light and easily passed from hand to hand, and likely to be so passed; because, in the one case, the goods may not have passed through many hands, and the proof to justify the possession may, therefore, be more simple and easy ; but in the latter case, the goods may, very probably, have come to the accused through many persons, and their transit, from the smallness of their nature and value, be much more difficult to be proved.   Roscoe Cr. Ev., 18 ; 3 Greenl. Ev., § 32.

" Yet, all the cases hold that the possession must be recent after the loss, in order to impute guilt; and this presumption is founded on the manifest reason, that where goods have been taken from one person and are quickly thereafter found in the possession of another, there is a strong probability that they were taken by the latter.   This probability is stronger or weaker in proportion to the period intervening between the taking and the finding ; or it may

be entirely removed by the lapse of such time as to render it not improbable that the goods may have been taken by another and passed to the accused, and thus wholly destroy the presumption.

"In prosecutions for larceny of chattels like that in this case, it has been well held, that after the lapse of such a period of time as in this case, the mere fact that the chattels were found in the possession of the accused, created no presumption of criminality; and that such possession, without other evidence of any kind to establish the charge, is not even sufficient to put the party on his defense." Rex v. Adams, 3 C. & P., 600; 3 Greenl. Ev., § 32; State v. Williams, 9 N. Car., 140. The soundness of the above rule, the court say, is recognized.

In Belote v. The State, 36 Miss., 96, which was an indictment for the larceny of bank bills, it is said: "The general rule is undoubtedly well settled, that the possession by a party of stolen goods, shortly after their loss by the owner, is presumptive evidence of guilt, which, however, may be explained; and if the party in whose possession they are found fails satisfactorily to account for his possession, the presumption of guilt arising from the recent loss by taking and the possession, will stand and warrant a conviction. What will be sufficient to account for the possession, or to remove the presumption which may arise therefrom, will depend much upon the length of time which intervened between the loss by the owner and the discovery of possession in the party charged, the nature and character of the goods, and all the circumstances of the case; and this, for the most part, is to be determined by the jury."

A view of the rule which, it is believed, ought to be declared in the case at bar, was indicated in the case just cited, viz: That the instructions in that case left it open for the jury to determine the question whether the time shown was short, under the circumstances; and under it, that question might have been fully argued to the jury. "If they were of opinion, from the circumstances — as it must be presumed they were — that the time of production

of the money by the accused was sufficiently short, to raise the presumption of his guilt, and there was no explanation of his possession, the presumption of fact was not removed ; and they were properly instructed that, in such case, they should find a verdict of conviction."

In the case at bar, if, instead of the instruction that eleven months was not an unreasonable lapse of time, that the jury should consider it as a case when the possession in the accused was shortly after the larceny, the court had submitted the proposition to the jury, whether, in view of the facts the accused was guilty, notwithstanding the great lapse of time, what is conceived to be the better rule in a case of this sort would have been observed, and in support of this view reference is made to the authorities cited herein.

That the weight of this presumption, after so great a lapse of time, should have been left to the jury, and whether, under the circumstances, this presumption continued for that length of time, it is believed, finds a somewhat conclusive illustration in these further material considerations :

1. A distinguished writer on the law of evidence, says : "It is always insufficient, where assuming all to be proved which the evidence tends to prove, some other hypothesis may still be true ; for it is the actual exclusion of every other hypothesis which invests mere circumstances with the force of truth. Whenever, therefore, the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be." 1 Starkie on Ev., 572.

2. It is certain that upon the record in this case, the presumption is quite as strong that the accused received these goods as stolen property, as, that he committed the larceny. 24 Miss., 610. Wills on Cir. Ev.

3. Manifestly, upon one state of facts, the presumption might

arise that the accused committed the larceny, while under other circumstances, the presumption would be that of a felonious reception.   Satorious v. The State, 24 Miss., 602.; The People v. Teal, 1 Wheeler's Cr. Ca., 199.

We have seen, that in Jones v. The State, 26 Miss., 247, under the circumstances therein, the goods having been found in the possession of the accused five or six months after the loss, it was held, that after such a lapse of time, such possession did not of itself raise a presumption in law of a felonious taking by him.

And in Jones v. The State, 30 Miss., 653, though the property was found in his possession within three weeks after its theft, and he was thus *prima facie* the thief, yet the presumption was negatived by his deportment, and the reasonableness of his account of his possession, which was not shown to be false.

The jury in the case under consideration were substantially instructed to consider it as though the property had been found in the possession of the accused shortly after the larceny.   This, it is conceived, was in effect an instruction upon the weight of the testimony, and little less than the expression of an opinion by the court to the jury upon the evidence.

Upon the bare possession there was, after eleven months, no presumption of guilt, but, with all the facts and circumstances adduced by legal evidence, the whole case, including the lapse of time, ought to have been submitted to the jury without the qualification as to time.

The doctrine of some of the cases and text writers, that such a case, with all its facts, notwithstanding the lapse of time, is one for the jury, meets with approval.   2 Bish., § 697, 701.

Mr. Bishop, in his valuable work on Criminal Procedure, after a review of all that has been said on the subject under consideration, says : " All sorts of utterances are to be found in the books. But if we look at the question as one of principle, we shall see that in the nature of the case, evidences of possession, of declarations accompanying the possession, and the evidence of third

persons as shedding light respecting the truthfulness or falsity of such declarations, with dates and all other attendant facts, should be submitted to the consideration of the jury, and they should decide as a question of fact, not of law, whether the defendant is the guilty person or not."

Judgment reversed, cause remanded, and a new trial awarded.