LAMAR, J.
I dissent from the judgment of reversal. A mother and her sons were indicted for the murder of the husband and father. They severed. On the trial of the mother the corpus delicti was proved. No eye-witnesses to the homicide were introduced. The real issue from the standp'oint of the State was whether the defendant had any part in the commission of the deed. Besides the proof arising from previous threats and her presence at the time of the killing, it also appeared by evidence that she confessed her participation in the homicide, stating, “ We had to do it to save ourselves.” There is no complaint that the judge’s charge on the subject of confessions was not a correct statement of the law on that subject; nor that he did not caution *301 the jury as to the necessity of great care in weighing such evidence; nor that by itself a confession was insufficient to convict; no assignment of error on a failure to instruct that the jury should weigh the whole of her statement, and could believe or disbelieve that which was exculpatory. Nor is it denied that what the judge charged would have been equally applicable to admissions, nor that'“ admissions ” could sustain the verdict as well as confessions. The judge said nothing about “confessions of guilt,” under Penal Code, § 1005. But it is assigned as error that he charged as to “ confessions,” when he should only have charged on the subject of “admissions.” The Penal Code, § 1002, seems to regard the terms as interchangeable, declaring that “ admissions usually refer to civil cases; confessions to criminal.” And the books, are full of instances in which judges in discussing statements made by the defendant have referred to them as confessions, though something exculpatory was coupled therewith. In Peterson's case (47 Ga. 526, 524 (3)), the defendant confessed that he committed the homicide, alleging at the same time -that the deceased had a knife; and this court in referring thereto says, if the State give in evidence the confessions of the prisoner, he is entitled to prove all that was said by him in the same conversation. In Licett’s case (23 Ga. 57), on an indictment for horse-stealing, there was evidence that the prisoner said that he “ did not steal the filly” found in his possession, “but traded for her;” and the court in dealing with the declaration said that “a confession may be such that the jury will be at liberty to believe a part of it and to disbelieve a part of it.” In Johnson v. State, 86 Ga. 90, the court referred to a doubtful or contradictory confession. In Myers v. State, 97 Ga. 101, it said, “the entire confession, including any exculpatory statements which may be connected with it, should be considered.” See Long v. State, 22 Ga. 40; Hudgins v. State. 26 Ga. 350; Coney v. State, 90 Ga. 142; Cook v. State, 114 Ga. 523; Rex v. Clewes, 4 C. & P. 485; Young v. State, 2 Yerger, 291; Griswold v. State, 24 Wis. 148; Bower v. State, 5 Mo. 364; People v. Wyman, 15 Cal. 74; Brown v. Com., 9 Leigh, 633; Bram’s case, 168 U. S. 533, 541; State v. Porter, 32 Ore. 147. And the fact that books everywhere lay down the rule that where a confession is offered the prisoner is entitled to have introduced the entire conversation, including anything said at the time which *302 is helpful to him, necessarily implies that statements are not deprived of tbeir character as confessions merely because coupled with exculpatory matter. Nor is this view opposed to the ruling in Fletcher v. State, 90 Ga. 471, for there the court distinctly points out that there is a marked distinction between the “ main fact” and “minor facts.” Declarations by the accused as to minor facts forming links in the chain of circumstantial evidence are not confessions, and, if not, of course do not warrant a charge on confessions which ex vi termini relate to the main fact. These admissions only point to his possible participation in the main fact charged. They may tend to prove,-but they do not necessarily prove, that he did the act set out in the indictment. Such statements are not an admission of the main fact, but only of “ some minor or supporting fact which could be true whether the main fact existed or not.” The admission that one was present when the deed was done is not a confession that he did the act. Dumas v. State, 63, Ga. 600. An admission explanatory of his possession of goods constituting part of the property which might be considered as the probable fruits of an arson does not necessarily imply that the accused set fire to the house, and therefore did not warrant a charge on confessions. Fletcher v. State, 90 Ga. 471. An admission of the possession of goods stolen is not a confession of a burglary of the house from which the articles were taken. Covington v. State, 79 Ga. 687. See also Lee v. State, 102 Ga. 226; Suddeth v. State, 112 Ga. 407; Smith v. State, 115 Ga. 586. In Powell v. State, 101 Ga. 18, something beyond what is set out in the published report must have appeared; for it is conceded that the declaration contained not only an admission of the main fact, but in and of itself offered nothing of an exculpatory nature. So too of Davis v. State, 114 Ga. 109 (7, 8), and Summons v. State, 116 Ga. 586. Certainly as little excuse was offered in them as in Price v. State, 114 Ga. 855, where the declarations were treated as confessions. In Bram’s case, 168 U. S. 535, the court applied the law of confessions to a statement by the defendant that a witness “ could not see me from there,” even though in the same connection he claimed that B., the witness, had done the murder. This decision is criticized in 1 Greenleaf on Evidence (16 ed.), § 213, where, however, the author evidently recosnizes the distinction between an admission of a “minor *303 fact” tending to show the commission of the offense charged, and an admission of tlie “ main fact,” for he defines a confession as “ a direct assertion by the accused person of the doing of the act charged as a crime.” Under this definition he confesses the homicide, the main fact, though it may not be a confession of guilt. To bring the case within the rule of confessions it would not bo necessary for him also to admit the motive, or malice, or to say in so many words that he had committed murder. If so, the law of confessions will rarely, if ever, be applicable on. trials for that offense. All confessions are not of the same grade. There may be (1) a plea of guilty, in open court; or (2) an extra judicial acknowledgment of guilt; or (3) an acknowledgment of the commission of the deed, or main fact, from which the law presumes guilt; or (4) an acknowledgment of the commission of the deed, coupled with an excuse which affords no legal defense; or (5) an acknowledgment of the commission of the deed, from which the law presumes guilt, but coupled with an exculpatory statement setting out facts which amount to a legal excuse. In which latter event the jury may believe the confession and disbelieve the exculpatory statement ; or they may believe that he did the deed, and also believe that part of the statement which justifies or mitigates. The cases are not absolutely parallel, but it is somewhat analogous to evidence of admissions in a civil case under a plea of confession and avoidance, when the jury may accept the confession and reject the avoidance, or they may believe both and thereupon find for the defendant.
Here the main fact to be proved was the homicide at the time, place, and by the means charged in the indictment. If these, facts had been established by the testimony of an eye-witness the State would have made out a prima facie case. The same prima facie case was made out when the defendant confessed the killing and thereby dispensed with other proof of that act. Nor was the character of this evidence changed by the fact that in the same breath .which admitted the State’s case, the defendant also stated that which amounted to a justification. The confession of the “ main fact ” did not become any the less so because of the extenuation. The jury might believe the confession, disbelieve the justification, and convict; or, it might believe both and acquit. When she confessed participation in the homicide, it became in *304 cumbent on her to remove the burden raised by operation of law out of that confession. It made no difference whether it was called a confession or an admission. Its legal effect was the same. But that its character as a confession was not destroyed by the excuse is recognized in a very convincing opinion of the court in State v. Porter, 32 Ore. 147, from which we quote at length, because made after a review of the authorities generally, including the cases from this State. The court says: “ The question of the greatest difficulty seems to arise where the admissions are both inculpatory and exculpatory; that is to say, where the acts admitted involve a crime, but a justification or excuse is offered in the same connection. The reasoning of counsel seems to be that, because of the exculpatory matter, there can be no concession of guilt, and hence that the statements or admissions can not amount to a confession. But the concessions of facts which import guilt come first. These are always inculpatory, and it is only when the exculpatory matter is adduced that he is relieved from the onus of guilt which the facts imply. It is not necessary that there should be a declaration of an intent to admit guilt; it is sufficient that the facts admitted involve a crime. ..... Exculpatory statements made in the same' connection, if believed, may excuse or justify, but do not reduce the declaration from a confession to an admission only. This is in accord with the idea expressed in the books, that confessions must be taken as a whole, and if one part of a conversation is relied upon as proof of a confession of a crime, the prisoner has a right to lay before the court the whole of what was said in that conversation. ... In any event it is clear that the jury was not misled [by the use of the word ‘ confession’] in the light of the lucid instructions of the trial judge, when taken as a whole.” The same observation is applicable here. The fact that the judge in his charge used the word “ confessions ” is not sufficient of itself to require the grant of a new trial, especially as it appears that this was a second verdict. The question might have been different if it had been assigned as error. that all the proper cautions as to the weight to be given such evidence had been omitted. For wherever the State relies on a confession, coupled with an exculpatory statement, the law, as- well as common fairness, requires that the conversation as a whole should be considered, and that the jury should give due consideration to *305 what the prisoner said in bis own behalf. Jurors must be instructed to compare such excuse with the attendant circumstances, and, if they believe the exculpatory matter, to acquit or reduce the grade in accordance with what they find to be the facts. The probative value of a declaration that the defendant did the main fact charged is the same whether called a confession or an admission. There^is no complaint that the present charge was lacking in any essential respect, and therefore, in my opinion (in which Candler, J., concurs), the judgment should be affirmed.