## DAVE SNOWDEN *v.* THE STATE.

1. LARCENY.  *Possession of stolen goods.  Presumption of guilt.*

   The presumption of guilt arising from the possession of stolen property depends upon the length of time which has intervened the larceny and the possession in question and upon the nature of the property itself.  If such time be long and the property be easily handled and readily transmissible the presumption is very slight.

2. SAME.  *Presumption arising from possession of stolen goods.  Practice in respect thereto.*

   As a rule, it should be left to the jury to determine the weight of such presumption, though, in exceptional cases, where from the nature of the property and the circumstances attending the finding thereof, it was clear that no unfavorable suspicion could attach to such possession, our court has permitted instructions to stand which told the jury, as a matter of law, that there was no evidence against the accused.

3. SAME.  *Time of theft, when not material.  Instruction.*

   Where in the trial of one accused of larceny the question of time is not made material by any attempt to prove an *alibi* or to show that the defendant had only bought the goods knowing them to be stolen, the court may properly refuse to charge the jury that it devolves upon the State to show that the defendant stole the property on the day named in the indictment.

4. SAME.  *Power of court to modify instruction.  Statute applied.*

   The action of the court in refusing to give an instruction containing such charge and then giving the same instruction with that charge omitted, against the objection of the defendant, does not contravene, to his prejudice, § 1714 of the Code of 1880, which forbids the voluntary giving of instructions by the court.

5. SAME.  *Confusion of words " evidence " and "proof."  Instruction.  Supreme court practice.*

   Where an instruction in reference to the possession of stolen goods says that it is presumptive " evidence," and then in the same sentence that it is presumptive " proof " of the guilt of the accused, but it is manifest from the context that the word " proof " was used as synonymous with " evidence " and not in its technical sense, such confusion of terms, though improper, could do no injury to the defendant, and therefore is not a ground for reversal of a judgment of conviction.

6. SAME.  *Presumption arising from possession of stolen goods.   Extent thereof.*

The presumption of guilt arising from the possession of a portion of a lot of stolen goods extends to the whole lot, as well to the part not found as to that found.

APPEAL from the Circuit Court of Madison County.

HON. T. J. WHARTON, Judge.

The appellant was tried and convicted on a charge of larceny. The substance of the evidence adduced at the trial is stated in the opinion of the court.

For the State the court gave the following instruction, and the defendant excepted :

" 4.  Possession of recently stolen goods is presumptive evidence of guilt of larceny of the goods, and if the jury believe from the evidence in the cause, beyond all reasonable doubt, that the meat or any part of it charged in the indictment to have been stolen was at any time soon after its being stolen in the possession of defendant, then this possession is presumptive proof of defendant's guilt as charged, and the burden of explaining or accounting for such possession is cast upon the defendant, and unless satisfactory explanation is given by him the jury would be warranted in finding him guilty."

The first instruction asked by the defendant was in these words :

" The court instructs the jury that the State must show by satisfactory proof, beyond all reasonable doubt, that the accused did on the night of January 31, 1884, steal from Ross' meat-house the bacon lost by him."

This instruction the court refused to give, but modified it by striking out the words, " on the night of January 31, 1884," and and then gave it.  To the action of the court, both in refusing the instruction as presented and then in modifying and giving it, the defendant took exception.

*J. W. Downs* and *Smith & Powell,* for the appellant.

The first instruction should have been given as asked by the defendant, as Ross testified that the meat was lost and stolen on the night of the 31st of January, 1884, and no other time.

Then, after refusing the instruction as presented, the court had

no right to give, of its own motion, a different instruction.   Code 1880, § 1714; *State* v. *Watkins,* 60 Miss. 323.

The instruction written by the judge of his own motion and given to the jury against the protest of the defendant is not a modification or explanation of one asked for by the defendant, but it is an original independent charge gotten up and written out by the judge against defendant's objection.

We contend that the meat which appellant had· was not Ross' meat.

But grant that it was Ross' meat, the instruction is too broad; for the most that can be said or inferred is, that the fact of such possession may be considered by the jury in determining the question of *guilt,* and was not *proof* of his guilt.   See 61 Miss. 156 and cases there cited; *State* v. *Stokes,* 58 Miss. 677 and cases there cited.   But the instruction is erroneous in another view.

This possession must be recent.   Conceding the meat to be the Ross meat, it was the middle of March when he found the meat in the possession of Houseworth which he said was his.   He lost the meat on the 31st of January, 1884.   This is not such recent possession of stolen property, conceding that the meat which the defendant had in his possession was the Ross meat, as will raise presumption of guilt.

But there is another error complained of.   If we concede that Snowden stole meat from Ross, the evidence shows that he got only two sides, weighing each *thirty-eight pounds,* worth *eleven cents* per pound, which would bring value of meat under ten dollars, and therefore the defendant ought not to have been convicted of *grand larceny.*   All that he could be convicted of was misdemeanor, and he ought not to have been sentenced for grand larceny; therefore the verdict is contrary to law and evidence, and the motion for a new trial should have been sustained, and in overruling the same the court committed error.   *Stokes* v. *State,* 58 Miss. 677.

*J. W. Downs* and *R. C. Smith,* of counsel for appellant, argued the case orally.

*J. L. Harris,* for the State.

The fourth instruction for the State announces substantially that

the unexplained possession of recently stolen property will warrant the jury in finding the defendant guilty, and this is the rule twice laid down by this court. It amounts to no more than saying that guilt may be deduced or inferred from such possession. The instruction is wholly different from those given in *Stokes* v. *The State*, 58 Miss. 677, and *Matthews* v. *The State*, 61 Miss. 155. In the first case the jury were told that such possession was conclusive proof of guilt, and in the last that the possessor was presumed as a matter of law to be guilty. In the case at bar the jury are told that they would be " warranted " in finding defendant guilty if his possession is not satisfactorily explained.

CHALMERS, J., delivered the opinion of the court.

W. E. Ross lost from his plantation in Madison County, on the night of the last day of January, 1884, four pieces of bacon and a shotgun, amounting in value to more than twenty-five dollars. The property was all taken from the smoke-house of the prosecutor, and the tracks of two persons were seen around it, but no other discoveries were made at the time. Nearly six weeks afterward two whole pieces and one half piece of meat were, by Ross, discovered in the residence of one Houseworth, who, Ross ascertained, had bought them from defendant, Snowden. Mainly upon this proof Snowden was tried and convicted. Notwithstanding the difficulty of identifying the meat, Ross convinced the jury that it was his, pointing out many distinguishing marks which enabled him to testify most positively upon the subject. The proof was somewhat conflicting, but that for the State undoubtedly warranted the verdict, if believed by the jury. It is insisted that there is no such proof of recent possession of the property, if it was stolen at the time alleged, as gave rise to a legal presumption of guilt or required the prisoner to answer the charge. The strength of the presumption which springs from the recent possession of stolen property depends wholly upon the length of the time which has elapsed since the larceny and upon the nature of the property itself if the time be long, and if the property be of such a character as is easily handled and readily transmissible, the presumption is very

slight, and sometimes, indeed, the courts have felt called upon to tell the jury as matter of law that no case has been made out against the prisoner. Such cases are to be found in our own books. But they may be said to be extreme cases, where, from the nature of the property and the circumstances attending the finding, it was clearly to be seen that no unfavorable suspicion could be drawn. Of these are the cases of *Jones* v. *The State,* 26 Miss. 247 ; *Jones* v. *The State,* 30 Miss. 654.

Ordinarily, however, our law remits all such inquiries to the jury, which seems the more appropriate tribunal for them, because it is a presumption, not of law, but of fact, and falls more appropriately, therefore, within the province of the jury than of the court. *Stokes' Case,* 58 Miss. 677, and cases cited.

In the present case the jury were satisfied that the meat in controversy had been stolen from Ross, and the proof adduced by the prisoner of its purchase elsewhere was, we think, properly held unsatisfactory.

Upon the trial the court was asked to instruct the jury that " it devolved upon the State to show that defendant stole the meat, or part of it, from Ross' meat-house on the night of the 31st of January, 1884," which it refused to do, but in lieu of it instructed them " that the State must show, by satisfactory proof, beyond all reasonable doubt, that accused did steal from Mr. Ross' meat-house the bacon lost by him ;" to all of which the defendant excepted.

We think there was no error in the court's action. There was no suggestion of an alibi in any portion of the case, nor is there any hint of any contention on defendant's part that he might have been guilty only of buying goods knowing them to be stolen. Were there any suggestion of these defenses the defendant might, perhaps, have claimed that the proof should be restricted to the time and place named by Mr. Ross, since in that case only could the time have been material. Evidently the court declined to give the instruction as asked, for fear that the jury might regard the time proved as material. The defendant cannot object to this, nor does it contravene to his prejudice that provision of the statute which forbids the voluntary giving of instructions by the court.

The fourth instruction given for the State, in speaking of the presumption arising from the recent possession of stolen goods, confounds the words "proof" and "evidence," using both words interchangeably with the same meaning in the same sentence. Such use of the words is improper, though frequently adopted by the best writers, and manifestly here could not have worked any injury.

The contention that no legal presumption as to grand larceny could arise because only a small portion of the stolen property was recovered, is wholly untenable. Manifestly, a presumption as to the whole must arise from the unexplained discovery of a portion.

*Judgment affirmed.*