MINOR *v.* STATE

No. 40927 October 27, 1958 106 So. 2d 41

*John B. Farese,* Ashland; *Robert B. Smith,* Ripley, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

■■ ■ Appellant Eugene Minor was convicted in the Circuit Court of Lafayette County of grand larceny, for the theft of a Tower brand lumber edger, and was sentenced to three years in the state penitentiary. The State relies on the presumption arising from possession of recently stolen property. The question is whether the jury was warranted in finding, on circumstantial evidence alone, that the defendant's guilt was shown beyond a reasonable doubt and to the exclusion of every reasonable hypothesis. We think the State failed to meet its required burden of proof.

A lumber edger is a machine used in the sawmill business. The type involved in this case is about sixteen feet long, four feet wide, and weighs one thousand pounds. It consists of a frame, bearings, shaft, and two saws. Its purpose is to catch the lumber after it has been cut, to remove the bark from each side, and to cut the lumber into specified sizes. John Lee Robbins, the prosecuting witness, owned a Tower brand lumber edger, had been using it in the woods of Lafayette County, and left it there around December 10, 1953. When he returned on January 10, 1954, it had disappeared. He advised the

sheriff of the loss and apparent theft, but it or one similar to it was not found for almost four years. In November 1957 Robbins saw the working parts of a Tower lumber edger on a sawmill operated by appellant south of Waterford in Marshall County. His testimony was to the effect that these parts, namely, the bearings, the shaft, and the saws, when combined with the frame and other parts found near a garage, comprised his lumber edger which was stolen January 1954, almost four years prior to that time.

 The record contains considerable testimony of a conflicting nature attempting to identify the parts of the lumber edger found at defendant's sawmill and at the garage as being the same parts and the same edger which were stolen from Robbins four years before. All of the evidence as to all of the elements of the crime of larceny which appellant is charged is purely circumstantial in nature. Where the evidence is exclusively circumstantial and not direct, it is well settled that the State must establish its case, not only beyond a reasonable doubt but also to the exclusion of every reasonable hypothesis of innocence. This principle is pertinent in this case.

 The State offered no direct evidence that appellant took or carried away Robbins' lumber edger, with a felonious intent to steal the same. 32 Am. Jur., Larceny, Sec. 10. The State concedes the evidence is wholly circumstantial. It relies upon a presumption of guilt resulting from the possession of recently stolen property by accused. Possession must be shown to have been recently after the larceny, since mere possession of stolen property raises no presumption of guilt. The test of recency is whether the interval was "so short as to render it morally or reasonably certain that there could have been no intermediate change of possession." 52 C. J. S., Larceny, Sec. 106; Jones v. State, 26 Miss. 248 (1853); Davis v. State, 50 Miss. 86 (1874); Calhoun v. State, 191 Miss. 82, 2 So. 2d 802 (1941).

■■■ Assuming the State's evidence, identifying the property in appellant's possession as being the stolen property, was sufficient for the jury to accept, we have found no case, and the State cites none, in which any court has ever held that a period of four years from date of theft to finding of the property warrants application of the presumption or inference of guilt. 52 C. J. S., Larceny, Sec. 106. If the date of finding the property in appellant's possession, November 1957, would be the pertinent date, the presumption manifestly cannot exist, and the State must offer evidence that appellant feloniously took and carried away Robbins' lumber edger. The mere fact that it was then in appellant's possession would not raise any presumption of guilt.

However, appellant testified that he purchased the Tower lumber edger which was in his possession from Eugene Reed in 1945, and that it had been in his possession and custody since 1945, except a loan of it in 1954 to Goolsby, who had used it in Arkansas for two years and returned it to him in 1956. Eugene Reed confirmed appellant's testimony in this respect. He is a lumber purchasing agent for a company at Winona, and has been in the lumber business all of his life. Minor formerly worked for him, and in 1945 purchased from him a used Tower lumber edger. Reed said that Minor asked him to go to the garage where the edger was, and see if he could tell whether it was one Reed had sold him. Reed looked at it and said that he "could not be positive . . . My honest opinion is that it is the edger." Roy Newsom said that in 1952 Minor offered to loan him the edger, that he saw it then and later in 1954, and the edger in defendant's possession in 1957 was the same one.

■■■ Appellant's tesetimony is to the effect that he was in possession of the Tower lumber edger, which he bought in 1945 from Reed, in 1954 and subsequently. In other words, laying aside the balance of appellant's testimony, it could be asserted that the presumption applies here, because the appellant admitted he was in posses-

sion of a lumber edger in 1954. Whether the presumption would apply under such peculiar circumstances is doubtful, but we do not need to decide that question. There is another and controlling reason why the presumption as to recently stolen property cannot apply. The presumption cannot exist where accused's explanation of his possession is satisfactory, or at least raises a reasonable doubt of his guilt. 52 C. J. S., Larceny, Sec. 109. ■■ ■ It may be rebutted "by a reasonable explanation showing that the defendant's possession was otherwise acquired than by the particular theft." 32 Am. Jur., Larceny, Sec. 143. ■■ ■ The presumption is not one of law but of fact. Possession is only a fact or circumstance from which guilt may be inferred as a matter of fact. 52 C. J. S., Larceny, Sec. 108. ■■ ■ The most which the presumption requires of an accused is that he should raise a reasonable doubt as to his guilt. Ibid. Sec. 109.

■ ■ 52 C. J. S., Larceny, Sec. 110, discusses the manner in which the courts have construed reasonable explanations of possession: "Where accused gives a reasonable and credible explanation of his possession, or one which is sufficient to raise a reasonable doubt as to his guilt, the presumption or inference is overcome, and the burden is on the prosecution to establish the falsity of the explanation.

■ ■ "The sufficiency of accused's explanation must be tested by the same rules that apply to evidence generally. While the reasonableness or credibility of his explanation is ordinarily a question of fact for the jury, as discussed infra Sec. 141, if his explanation is reasonable, and probable, the jury must give it proper consideration, and should not find him guilty unless the state disproves the facts stated by him beyond a reasonable doubt, or there are other circumstances in the case which justify his conviction. . . .

"The explanation that accused purchased the property from a third person ordinarily is entitled to little con-

sideration unless corroborated, but, if such explanation is corroborated by uncontradicted and unimpeached testimony which is neither incredible, impossible, nor inherently improbable, accused should be acquitted. . . ."

In Davis v. State, 50 Miss. 86, 96, (1874), it was said: "If a party accused gives a reasonable account of his possession, the onus is then upon the prosecution to show such account to be false . . . In the case at bar, there is no legal evidence falsifying the statements or the evidence of the accused. . . . The account given by the accused of how he came by the possession of these goods is both probable and reasonable." The conviction was reversed. Calhoun v. State, 191 Miss. 82, 2 So. 2d 802 (1941), resulted in reversal of a conviction for larceny. In addition to there being no recency of possession, it was held that the accused gave a reasonable explanation as to how he came into possession; and it was then incumbent on the prosecution to show the account was false. See Crowell v. State, 195 Miss. 427, 15 So. 2d 508 (1943).

In Hubbard v. State, 41 So. 2d 1 (Miss. 1949), appellant was convicted of the theft of a truck. He admitted that he drove it, but explained that his brother drove up in it and asked him to accompany him to another town. Reversing the conviction and discharging appellant, the Court said: "It is elemental that a larcenous taking must be animo furandi. There must be an intent permanently to deprive the owner of his property. The explanation of the defendant is reasonable and precludes the invocation of any presumption, if indeed there ever is such a presumption, arising from the recent possession of stolen property. . . . The testimony, therefore, was not sufficient to sustain a finding beyond a reasonable doubt that the property was taken by the appellant, and, if so, with an intent to steal."

▇▇ Appellant's explanation of his possession of the lumber edger is a reasonable one. He said he purchased it from Eugene Reed in 1945. At his instance,

Reed viewed the edger before trial, and it was his "honest opinion" that this was the one which he had sold defendant in 1945. Minor's explanation is reasonable, and precludes the invocation of any presumption arising from the possession of recently stolen property. It is so reasonable, in fact, that no jury, in the face of such an explanation, can be permitted to find that the defendant's guilt of larceny has been proved beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis than that of guilt. The State offered no evidence to impeach Reed's testimony, or to contradict him and appellant as to the purchase from Reed. For these reasons, no presumption of guilt exists, and the State wholly failed to offer any direct evidence to support the conviction.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.