278 So.2d 408 (1973)
Robert Earl SMITH
v.
STATE of Mississippi.
No. 47355.
Supreme Court of Mississippi.
May 28, 1973.
*409 Calvin R. King, Durant, Holt Smith, Lexington, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
The appellant, Robert Earl Smith, was convicted in the Circuit Court of Holmes County of grand larceny and sentenced to two years in the state penitentiary. Appellant, an indigent, is represented by court appointed counsel who represented him below. He appeals mainly on the ground that the evidence was insufficient, having preserved said proposition by appropriate motion for new trial in the trial court. The question before us is whether the jury was warranted in finding on circumstantial evidence that the defendant's guilt was shown beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. It is our opinion that the state met its required burden of proof.
On May 16, 1971, John Hearst of Pickens, Mississippi discovered that someone had broken into his house and stolen three guns consisting of a Remington .22 rifle, a 12-gauge double barrel shotgun and a Winchester .22 rifle. Hearst reported the theft but the guns were not found until August 1972 when Hearst visited the home of appellant's sister in Pickens. While in Pickens, Hearst saw the Winchester .22 rifle at the store of Mrs. Patsy Thornton, sister of appellant. Mrs. Thornton was arrested for stealing the gun. She advised the officers that her husband had purchased the gun from appellant, who lived in Jackson, Mississippi. The charge was dismissed as to Mrs. Thornton whereupon appellant was charged with the larceny. He was arrested *410 by Jackson officers at his home on August 10, 1972. Appellant told the officers where the other two guns were. The officers recovered the guns.
The owner of the guns, Hearst, testified for the state and identified each of the guns as having been stolen from his house on May 16, 1971. Mrs. Thornton, sister of appellant, testified that the Winchester rifle was purchased by her husband from appellant over a year before. Her testimony indicated that the gun was purchased in the summer of 1971 subsequent to the theft on May 16, 1971. Sheriff Moore of Holmes County testified about arresting Mrs. Thornton and taking the gun she had in her possession to Hearst who identified it. Another witness presented by the state was Detective Morris who, along with another officer, arrested appellant in Jackson on August 10, 1972. Morris stated that appellant was properly advised of his rights and then admitted that he had found the guns under a bed when he "moved into a house about two years ago out on Earl Street." The date of the arrest being on August 10, 1972, two years prior thereto, would have been in August 1970 and prior in time to the date of the theft on May 16, 1971. Officer Morris asked appellant why he did not turn the guns over to the police when he found them and appellant just replied, "You know ..." and nodded his head.
Appellant was the only witness testifying in his behalf. He denied being in Pickens on May 16, 1971 and breaking into the Hearst home on that date. He stated that he moved into the apartment occupied by him on Earl Street and he thought that he moved there after May 16, 1971. According to him, the guns were there and in a closet when he moved into the apartment. He admitted selling one of the guns to Mrs. Thornton's husband but stated that he told him that he would "have to give it back" if anyone called for it. Appellant further stated that the only time he had ever been to Pickens was sometime in the year 1972. Appellant denied telling the law officers that he had found the guns about two years ago, which was a point in time prior to May 16, 1971. He said he told the officers that he found the guns twelve or fifteen months, instead of two years, previously.
The jury was instructed that in order to find the defendant guilty he must be proven guilty "beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis than that of guilty." It is pointed out in the state's brief that according to appellant's testimony, he came into possession of the stolen guns some twelve to fifteen months prior to his arrest in August 1972. This chronology of events would have indicated he came into possession of them during the period between late May or early June and August 1971. On this basis the state urges that appellant's own testimony is to the effect that he was in possession of the stolen property recently after the theft which occurred May 16, 1971. The state says that a presumption of guilt arises from such recent possession.
It has been for a long time the established law in this state that in order to justify a conviction such as is before us, the possession of stolen goods must be shown to have been possession that was recent in time after the larceny was committed. This is a logical rule because mere possession of stolen goods standing alone raises no presumption of guilt. As to what constitutes recency, the test is whether the interval of time between the theft and known possession was "so short as to render it morally or reasonably certain that there could have been no intermediate change of possession." Minor v. State, 234 Miss. 140, 106 So.2d 41 (1958); Calhoun v. State, 191 Miss. 82, 2 So.2d 802 (1941); Davis v. State, 50 Miss. 86 (1874); Jones v. State, 26 Miss. 247 (1853).
Appellant testified that some twelve to fifteen months prior to his arrest in August 1972 he was in possession of the *411 guns. On this basis his possession would be calculated as occurring on a date between May and August. If the resulting date between May and August 1971 is under the law recent after the date of the theft on May 16, 1971, there may be reasonable basis upon which to allow to stand the presumption of guilt based upon recent possession. However, the rule is that such presumption will not be allowed to stand where the explanation of the accused concerning his possession is satisfactory or raises a reasonable doubt of his guilt. Such a presumption of guilt may be refuted if the accused offers a reasonable explanation showing that his possession was otherwise acquired than by the particular theft. Possession is only one fact or circumstance from which guilt of the possessor may be inferred as a matter of fact, and the most which the presumption requires of an accused is that he should raise a reasonable doubt as to his guilt. Minor v. State, supra; 50 Am.Jur.2d Larceny § 143 (1970); 52A C.J.S. Larceny §§ 108, 109 (1968). Of course, any accused may remain silent at his election, in accordance with his evaluation of testimony produced against him, as he is not compelled in a literal sense to offer any proof.
Once the presumption is established, then if the accused gives a reasonable account of his possession the state must show the account or explanation given by the accused to be false. Minor v. State, supra; Calhoun v. State, supra; and Davis v. State, supra.
Can it be said that the explanation which Smith offered of his coming into possession of the stolen guns by finding them in the house where he became a tenant was unreasonable? Officer Morris testified that Smith told him the guns were under the bed when found by him, whereas Smith testified at the trial that he found them in a closet. In this posture, under the previous holdings of this Court, it was for the jury to say whether or not the explanation given by Smith was reasonable and credible. Pearson v. State, 248 Miss. 353, 158 So.2d 710 (1963).
Here, the version of the appellant, Smith, and the version of the state according to the state witnesses, were placed before the jury. The jury chose to believe the testimony offered by the state and rejected the explanation given by the accused as to his version of being in possession of the stolen guns. The sufficiency of his explanation was subject to being tested by the same rules that apply to evidence generally. This case differs from Minor v. State, supra, because there the state offered no evidence contradicting the version offered by the accused. Here there was such conflicting testimony plus other features of the case that the jury was properly permitted to decide whether or not Smith was guilty. It is our opinion that the evidence here was sufficient to sustain the guilty verdict.
Affirmed.
GILLESPIE, C.J., and INZER, SUGG and WALKER, JJ., concur.