Appellant was tried and convicted in the Circuit Court of Monroe County, Mississippi for grand larceny and sentenced to serve 3 years in the state penitentiary less credit for time served in the county jail awaiting trial. *Page 916 
Appellant was apprehended in West Point, Mississippi about 11:30 p.m. in possession of an automobile that had been stolen the previous day from a dealer in Monroe County, Mississippi. Appellant attempted to flee when he was arrested and made no explanation for his possession of the automobile until he testified at his trial.
The only error assigned on appeal is the granting of the following instruction for the State:
 STATE'S INSTRUCTION NO. 1
 The Court instructs the jury for the State that possession of recently stolen property is presumptive proof of guilt of larceny of the property, and if the jury believe from the evidence in this cause beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, that the 1963 Chevrolet automobile testified to have been stolen, was at any time soon after its being stolen in the possession of the defendant, then this possession is presumptive proof of defendants guilt of larceny, and the burden of explaining or accounting for such possession is cast upon the defendant, and when satisfactory explanation is not given, the jury would be warranted in finding him guilty.
The instruction is subject to more than one objection, but we will consider only that portion thereof which required defendant to give a "satisfactory" explanation of his possession of the automobile in order to be relieved of any inference of guilt that may be drawn against him. In Crowell v. State, 195 Miss. 427,15 So.2d 508 (1943), this Court considered an instruction requiring the accused to give a satisfactory explanation and stated:
 Moreover, the instruction complained of is subject to the further objection that the accused is thereby required to give a "satisfactory" explanation of his possession of such property in order to be relieved of any inference of guilt that may be drawn against him, whether he is being tried for the crime of burglary, larceny, or receiving recently stolen property knowing it to have been stolen. It is said in 32 Am.Jur. 1056, that: "The explanation may fall short of satisfying the jury and yet be sufficient to raise a reasonable doubt in their minds which will authorize them to acquit the defendant unless the possession overcomes the doubt, by proof, that the explanation is false," that is to say, the explanation, like that of a school boy to his teacher or of a husband to his wife under given circumstances, may be entirely reasonable and yet not be altogether satisfactory, whereas a reasonable explanation, of which the jury is to be the judge, is all that is required in order to preclude the inference of guilt that would otherwise arise from the possession of recently stolen property. (195 Miss. at 437, 15 So.2d at 511.)
An instruction which correctly states the principles of law applicable to cases involving possession of recently stolen property is set forth in Fletcher v. State, 168 Miss. 361,151 So. 477 (1933), the instruction being as follows:
. . . "The court instructs the jury that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny." (168 Miss. at 365, 151 So. at 478.)
In proper cases the instruction may be given as approved inFletcher, but no attempt should be made to enlarge the scope of the instruction or to experiment with a change in language.
We hold that the instruction as given does not accurately state the law applicable to cases involving possession of recently stolen property and, under Crowell, supra, giving the instruction was reversible error.
Reversed and remanded.
All Justices concur. *Page 917