INZER, Presiding Justice,
for the Court:
Appellant Charles Harper was indicted, tried and convicted in the Circuit Court of Winston County for the crime of burglary. He was sentenced to serve a term of five years in the custody of the Department of Corrections. From this conviction and sentence he appeals. We reverse and remand.
The record reflects that sometime between the hours of 12:30 and 2 a. m. on December 20, 1975, Jayroe’s Sport Shop in Louisville was burglarized. Entrance was gained by breaking the glass in the front door of the Radio Shack and then breaking open the door that led to the Sports Shop. An investigation revealed that a number of pistols were taken from the Sports Shop and among the missing guns was a .38 caliber super Llama automatic. Considerable other property was also taken. A rusty sledge hammer wrapped with black tape and a crowbar were found inside the building.
Investigating officers were unable to find any fingerprints. They began to cruise the neighborhood hoping to find suspects. The only car seen and stopped was one being driven by appellant, Charles Harper. This occurred approximately one hour after the break-in was discovered. The officers stopped Harper to “check him out.” With Harper’s permission, the officers opened the trunk of the car, searched it and found nothing. Harper went on his way. On the night of January 24, 1976, Harper was arrested in Ackerman for the possession of marijuana and for carrying a concealed weapon. At the time he was arrested he was in a car with Roy Thompson. The evidence reflects that Police Officers Shaw and McMinn, in checking out a car, approached the vehicle in which appellant was seated. They observed a bottle of beer between appellant’s legs. Ackerman is in a dry county where beer is illegal and the officers told the occupants of the ear to get out. Appellant got out of the car and began to remove a pistol from his pocket. Officer Shaw took the pistol and arrested the appellant. The pistol was a .38 caliber super Llama automatic, bearing pit marks on the handle and side, which was identified by Jayroe as being the pistol taken in the burglary of his shop. The serial number of the gun had been filed off, but the criminologist was able to restore the first four digits which were the same numbers as the first four digits of the .38 super Llama that was stolen.
Appellant, after first being advised of his rights, initially told the officers that a person pawned the gun to him in a cafe, but later said he was seated in the car when the gun was pawned to him.
At the trial the appellant testified in his own behalf and denied he committed the robbery and denied that the sledge hammer found in the shop belonged to him. He said that the gun was pawned to him on the night he was arrested and that he was unable to identify the person who pawned him the gun.
On appeal appellant assigns several grounds for the reversal of this case, at least one of which has merit and requires reversal.
Appellant was convicted of burglary and the only evidence tending to establish the guilt of the appellant was his possession of the pistol alleged to have been stolen from the shop that was burglarized and the identification of the sledge hammer as being *316 the same sledge hammer seen in the trunk of appellant’s car sometime before the burglary. The state relied on the possession of recently stolen property to establish appellant’s guilt. The court granted over the objection of appellant the following instruction:
The Court instructs the Jury that possession of goods recently stolen does not in itself create presumption or amount to prima facie proof that the possessor is guilty of breaking and entering the building in which the goods were kept; but if other evidence in the case shows beyond a reasonable doubt, and to a moral certainty that the building was broken and entered by some one, that the theft of the goods was accomplished at the time and by means of the breaking and entering, proof of possession unexplained, or in the absence of circumstances raising a reasonable doubt as to whether the possession of the goods had been acquired otherwise than by the crime charged, is sufficient to warrant a conviction. (Emphasis added).
This instruction as written was objectionable for several reasons. It certainly is not in keeping with the approved instructions set out in Hall v. State, 279 So.2d 915 (Miss.1973) where we stated:
An instruction which correctly states the principles of law. applicable to cases involving possession of recently stolen property is set forth in Fletcher v. State, 168 Miss. 361, 151 So. 477 (1933), the instruction being as follows:
. “The Court instructs the jury that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of larceny.”
(168 Miss, at 365, 151 So. at 478).
In proper cases the instruction may be given as approved in Fletcher, but no attempt should be made to enlarge the scope of the instruction or to experiment with a change in language.
(279 So.2d at 916).
The purpose of setting out the foregoing form of instruction was for the guidance of the trial judges and those prosecuting for the state. While Hall was a larceny case, the same type of instruction applies to a crime involving a charge of burglary which is based upon possession of recently stolen property taken in the burglary. The instruction must be amended to encompass the charge of burglary instead of larceny. The whole purpose of the Hall admonition was to inform the trial judges and district attorneys that the instruction should inform the jury that the possession of property recently stolen is only a circumstance to be considered by the jury and in the absence of reasonable explanation the jury may infer guilt of burglary. Under the circumstances of this case the giving of the instruction complained of was reversible error.
Appellant also contends that the trial court was in error in failing to sustain his motion to suppress the evidence obtained by the officers when he was arrested in Acker-man. It is his contention that the officers stopped and searched the vehicle in which he was riding without probable cause and consequently the arrest began when the pursuit began. The trouble with this argument is that the record is not clear that the officers stopped the car. Apparently, the trial judge was of the opinion that the evidence established that the officers were making a routine check of a vehicle already parked near the curb of the street and saw the illegal beer, giving them the right to investigate and arrest. On a retrial of the case, the evidence on this point may be clarified.
For the reasons stated, this case must be and is reversed and remanded.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH, P. J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.