461 So.2d 710 (1984)
J.B. RUSHING
v.
STATE of Mississippi.
No. 55190.
Supreme Court of Mississippi.
December 5, 1984.
*711 Charles E. Webster, Wood & Twiford, Clarksdale, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
PRATHER, Justice, for the court:
This is an appeal from a criminal conviction in the Circuit Court of Coahoma County, by J.B. Rushing, appellant, who was found guilty of burglary of a dwelling. The court sentenced Rushing, as an habitual offender, to a term of ten years in the custody of the Mississippi Department of Corrections.
Rushing appeals, assigning as error:
(1) That the State failed to present sufficient evidence to prove guilt beyond a reasonable doubt;
(2) That the trial court erred in sentencing the appellant as an habitual offender under Miss. Code Ann. § 99-19-81.

I.
On March 26, 1983, Samuel Brinson's home in Clarksdale, MS was burglarized, and a color television was taken. On April 22, 1983, while executing a search warrant at the home of L.D. Epps, Officer Robert Birdsong of the Clarksdale Police Department, noticed a television fitting the description of the one reported stolen from the Brinson home. The serial number on the television matched that of the stolen television.
In the Epps' household was living their grandson, Herman Jackson. Jackson testified that he had purchased the television from the appellant two or three months before the trial. Jackson paid the appellant $75.00 for the television and picked it up from the apartment of Shirley Shields.
According to Shirley Shields, appellant Rushing brought a television to her apartment sometime between two and three months before the trial. Mrs. Shields testified that she kept the television for about a week before the appellant and a man, known only to her as "Slim", came and got it.
At the conclusion of the State's proof, the defense counsel made a motion for a directed verdict asserting as ground that the state failed to meet its burden of proof. Counsel stated that the state failed to prove that possession of stolen property by *712 the accused was shown to be personal, recent, unexplained and exclusive. After overruling of said motion by the court, the defendant presented no evidence on his behalf.

II.
The initial question is whether the evidence was sufficient to support a verdict of guilty beyond a reasonable doubt? No evidence was presented at trial directly linking the appellant to the breaking and entering of Mr. Brinson's home on March 26, 1983. The testimony of witnesses for the State established, however, that appellant Rushing was in possession of Brinson's television approximately one month after the burglary.
Under Mississippi law, possession of recently stolen property is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt. Harper v. State, 355 So.2d 314 (Miss. 1978); Engbrecht v. State, 268 So.2d 507 (Miss. 1972); Minor v. State, 234 Miss. 140, 106 So.2d 41 (1958). In order to give rise to an inference of guilt from the fact of possession, the State has the burden of proving possession by the accused of stolen property to have been personal, recent, unexplained, and exclusive. Engbrecht v. State, 268 So.2d 507, 509 (Miss. 1972).
Appellant Rushing admits that the State proved possession of the stolen television to be personal, unexplained and exclusive. Rushing, however, denies that the possession was recent. Therefore, the narrow question presented by appellant's first assignment of error is whether or not possession of stolen property one month after the burglary is "recent" under Mississippi law, so as to give rise to a presumption of guilt on the part of the accused.
This Court has held that the test of recency is whether the interval between the time of the theft and the known possession by the accused was "so short as to render it morally or reasonably certain that there could have been no intermediate change of possession." Minor v. State, 234 Miss. 140, 106 So.2d 41, 43 (1958); Smith v. State, 278 So.2d 408, 410 (Miss. 1973). In Jones v. State, 26 Miss. 247, (1853), this Court reversed a conviction for the theft of a saddle and held that possession of the stolen property by the accused five or six months after the theft was not sufficiently recent to impute guilt. Similarly, in Calhoun v. State, 2 So.2d 802 (Miss. 1941) this Court held that possession of a diamond pin bar by the accused five months after it was discovered missing did not give rise to a presumption of guilt where the accused gave a reasonable explanation for the possession. In Minor v. State, 234 Miss. 140, 106 So.2d 41 (1958) this Court held that possession of a lumber edger by the accused almost four years following its theft would not give rise to a presumption of guilt on the part of the accused.
In Snowden v. State, 62 Miss. 100 (1884), this Court upheld a conviction for larceny which was based solely upon the possession by the accused of stolen bacon six weeks following the theft. This Court in Snowden noted that the presumption of guilt was not one of law, but rather of fact, and therefore fell appropriately within the province of the jury. 62 Miss. at 104. Likewise, in Smith v. State, 278 So.2d 408 (Miss. 1973), this Court affirmed a conviction for grand larceny where the evidence established that the accused was in possession of the stolen firearms approximately one month after the theft. This Court in Smith again noted that it was for the jury to pass upon the reasonableness of the defendant's explanation for the possession. 278 So.2d at 411.
Significantly, in the case sub judice, the jury was not instructed as to the presumption arising from possession of recently stolen property. It is obvious that the state correctly tried this case as a circumstantial evidence case, rather than reliance upon the presumption. Possession of the stolen television set by the appellant presumably was only one of the circumstances considered by the jury in arriving at a guilty verdict. Nonetheless, application of *713 the presumption in this case would be justified under the above cases of Snowden and Smith which involved similar intervals of time between theft and possession. Appellant's first assignment of error is without merit.

III.
The last assignment of error questions whether the trial court erred in sentencing appellant as an habitual offender under Miss. Code Ann. § 99-19-81.
Appellant Rushing was sentenced to a maximum term of ten years under Miss. Code Ann. § 99-19-81, which provides as follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
At the presentencing hearing, the State introduced certified copies of Rushing's two prior burglary convictions. Appellant was convicted on February 18, 1982 in the Circuit Court of Coahoma County (Cause No. 6378) for the burglary of a dwelling which occurred on August 23, 1981. Appellant was also convicted on February 18, 1982 in the Circuit Court of Coahoma County (Cause No. 6379) for the burglary of a dwelling which occurred on August 6, 1981. In each cause, the appellant was sentenced to imprisonment for eight years with four years suspended.
Appellant' second assignment of error is simply that the statutory phrase "at different times" refers to the times of the prior convictions. Therefore, since appellant's prior convictions both occurred on the same date, appellant argues that section 99-19-81 has no application and that he was incorrectly sentenced as an habitual offender.
It is clear that the statutory phrase "at different times" refers, albeit redundantly, to the incidents giving rise to the previous charges and not to the date of the conviction. This Court's previous cases support such an interpretation. See Crawley v. State, 423 So.2d 128 (Miss. 1982) (where one of previous offenses occurred on the same date as offense charged in indictment but arose out of a separate incident which occurred at a different time of day, section 99-19-81 properly applied); Riddle v. State, 413 So.2d 737 (Miss. 1982) (where only previous crimes committed by defendant were crimes arising out of a single incident, section 99-19-81 could not apply).
In the case sub judice, though both of appellant's convictions occurred on the same day, they arose out of a separate incident occurring at different times. Therefore, the trial court correctly sentenced the appellant under Miss. Code Ann. § 99-19-81. Appellant's argument that the statute does not apply where the convictions, though arising out of separate incidents, occurred on the same day is completely without merit and should be rejected.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.