869 So.2d 353 (2003)
Larry Wesley LAWRENCE
v.
STATE of Mississippi.
No. 1999-CT-01101-SCT.
Supreme Court of Mississippi.
June 19, 2003.
Appellant, pro se.
Office of the Attorney General by Charles W. Maris, Jr., attorney for appellee.
CARLSON, Justice, for the Court.
¶ 1. Larry Wesley Lawrence was convicted of burglary of a dwelling house and sentenced as a habitual offender to twentyfive years in prison without benefit of parole. A unanimous Court of Appeals affirmed, Lawrence v. State (Miss.Ct.App. 2001), and both Lawrence and the State sought review by this Court. We granted discretionary review by writ of certiorari to address only one of the ten assignments of error discussed by the Court of Appeals. That issue involves the fact that Lawrence was not given an initial appearance until six days after his arrest. The Court of Appeals found that there were violations of both Rule 6.03 of the Mississippi Uniform Rules of Circuit and County Court Practice (URCCC), and the Fourth Amendment to the United States Constitution. While we affirm the decision of the Court *354 of Appeals, we write to clarify that although URCCC 6.03 was violated, there was no Fourth Amendment violation.
¶ 2. After a series of burglaries, Scott County law enforcement officers received a tip that stolen goods were being sold from a car of given description and tag number. Lawrence was driving the car when it was located and stopped by a deputy sheriff in the late afternoon of December 30, 1998. The car contained a "good bit" of jewelry in plain view, and a computer check revealed that Lawrence was a convicted felon driving with an expired license. A consensual search yielded a necklace which would later be used to link Lawrence to the burglary in question. Officers also found a shotgun in the trunk, at which point Lawrence was taken into custody.
¶ 3. Lawrence was read his Miranda rights from a form. The form contained a signature line for waiver of rights to an attorney. Lawrence, a thirty-year-old high school graduate with experience in the criminal justice system, signed the form. He spent the night of his arrest in the Smith County jail and was moved to the Scott County jail the next morning, December 31. On that New Year's eve, a Thursday, the primary arresting officer presented an affidavit of probable cause to a justice court judge, without Lawrence being present for an initial appearance. The judge found the affidavit sufficient to issue an arrest warrant, and the warrant was served on Lawrence in jail that same day.
¶ 4. On Tuesday, January 5, 1999, six days after his arrest, officers again read Lawrence his Miranda rights, and he acknowledged those rights and waived his rights to an attorney by signing another copy of the form previously mentioned. Officers testified that Lawrence agreed to go for a ride in order to locate and identify the house he had helped burglarize. The subject house was so identified. With the confession in hand, the officers took Lawrence before the judge for his initial appearance. Lawrence signed a certificate listing the matters pertinent to an initial appearance, and his bond was set. At some point, Lawrence also signed the certificate on a hand drawn signature line, under the handwritten words "will represent himself."
¶ 5. Lawrence testified at trial that his waivers were coerced, a matter contested by several law enforcement officers. There was no evidence to contradict officers who testified that Lawrence never expressed a desire for an attorney. Lawrence continued to assert his desire to represent himself through the date of the preliminary hearing, at which time the trial court appointed an attorney to assist Lawrence at trial. A jury found Lawrence guilty, and he was sentenced as a habitual offender, based on two prior burglary convictions.
¶ 6. The Court of Appeals found, inter alia, that the six-day delay between Lawrence's arrest and his initial appearance was a violation of his Fourth Amendment protection against unreasonable seizure; however, the Court reasoned that this violation was not fatal, because an illegal detention alone is not a sufficient basis for reversal of a conviction. The Court found that Lawrence was given his Miranda rights and waived his right to an attorney prior to his confession, and the confession was not involuntary under a totality of the circumstances analysis. The Court of Appeals addressed all ten assignments of error and affirmed the trial court's judgment.

ANALYSIS
¶ 7. We first review URCCC 6.03, which states in its entirety:

*355 RULE 6.03 INITIAL APPEARANCE
Every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance.
Upon the defendant's initial appearance, the judicial officer or other person authorized by statute shall ascertain the defendant's true name and address, and amend the formal charge if necessary to reflect this information. The defendant shall be informed of the charges against him/her and provided with a copy of the complaint. If the arrest has been made without a warrant, the judicial officer shall determine whether there was probable cause for the arrest and note the probable cause determination for the record. If there was no probable cause for the warrantless arrest, the defendant shall be released. The judicial officer shall also advise the defendant of the following:
1. That the defendant is not required to speak and that any statements made may be used against him/her;
2. If the defendant is unrepresented, that the defendant has the right to assistance of an attorney, and that if the defendant is unable to afford an attorney, an attorney will be appointed to represent him/her;
3. That the defendant has the right to communicate with an attorney, family or friends, and that reasonable means will be provided to enable the defendant to do so;
4. Conditions under which the defendant may obtain release, if any;
5. That the defendant has the right to demand a preliminary hearing while the defendant remains in custody.
¶ 8. The Fourth Amendment to the United States Constitution states:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
¶ 9. Art. 3, Section 23 of the Mississippi Constitution states:
The people shall be secure in their persons, houses, and possessions from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized.
¶ 10. Lawrence was arrested, without a warrant, on December 30, 1998, for a felony offense. The next day, law enforcement officials submitted an affidavit to a justice court judge, who in turn issued an arrest warrant served upon Lawrence while he was in custody. It was not until January 5, 1999, after his confession, that Lawrence was taken before a judge for the initial appearance required under URCCC 6.03. Without question, URCCC 6.03 was violated, and the State unhesitatingly concedes this. More specifically, the State concedes that "URCCC 6.03 was apparently violated when Lawrence was not taken for his initial appearance `without unnecessary delay and within 48 hours of arrest'" and "that the police officer's securing of a warrant from a justice court judge the day after Lawrence's warrantless arrest satisfied the Fourth Amendment, not URCCC 6.03." However, as pointed out by the State, a failure to comply with URCCC 6.03 does not necessarily mean that there has been a Fourth Amendment violation.
*356 ¶ 11. The State refers to Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), which states in pertinent part:
Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest.
420 U.S. at 124-25, 95 S.Ct. at 868-69 (footnote omitted). The Gerstein Court went on to state:
Although we conclude that the Constitution does not require an adversary determination of probable cause, we recognize that state systems of criminal procedure vary widely. There is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole. While we limit our holding to the precise requirement of the Fourth Amendment, we recognize the desirability of flexibility and experimentation by the States. It may be found desirable, for example, to make the probable cause determination at the suspect's first appearance before a judicial officer......
420 U.S. at 123, 95 S.Ct. at 868. It is thus clear from Gerstein that the States certainly have the right to enact rules and procedures to afford more rights than constitutionally required to those citizens who are criminally charged. However, when, as here, such a rule is enacted, and then violated, that rule violation does not necessarily rise to the level of a constitutional violation. In this case, a probable cause determination was made on Lawrence, well within the required 48-hour period, when he was served with an arrest warrant on the day after his arrest. There was no violation of Lawrence's Fourth Amendment rights, although URCCC 6.03 was violated. See also Beard v. State, 369 So.2d 769 (Miss.1979).
¶ 12. Through Rule 6.03, Mississippi has provided a procedure for a fair and reliable determination of probable cause by a judicial officer promptly after arrest. See County of Riverside v. McLaughlin, 500 U.S. 44, 53-55, 111 S.Ct. 1661, 1668-69, 114 L.Ed.2d 49 (1991). If the procedure of Rule 6.03 is followed, the Fourth Amendment rights of the accused are protected; however, the converse does not necessarily follow-failure to follow the exact procedure of Rule 6.03 does not necessarily result in a Fourth Amendment violation.

CONCLUSION
¶ 13. The Court of Appeals fully addressed all ten issues raised by Lawrence and was eminently correct in affirming the judgment of conviction and the sentence of the trial court. However, for the reasons stated, we find that while URCCC 6.03 was violated, Lawrence's Fourth Amendment rights were not violated. The judgments of the Court of Appeals and the circuit court are affirmed.
¶ 14. CONVICTION OF BURGLARY OF A DWELLING HOUSE, AS A HABITUAL OFFENDER, AND SENTENCE OF TWENTY-FIVE (25) YEARS, WITHOUT THE BENEFIT OF PAROLE, SUSPENSION OR REDUCTION OF SENTENCE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.
PITTMAN, C.J., SMITH, P.J., WALLER AND COBB, JJ., CONCUR. DIAZ AND EASLEY, JJ., CONCUR IN RESULT ONLY. McRAE, P.J., CONCURS IN PART AND DISSENTS *357 IN PART WITHOUT SEPARATE OPINION. GRAVES, J., NOT PARTICIPATING.